46 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Jose LOAIZA, Defendant-Appellant.
 No. 94-50139.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Dec. 5, 1994.
Decided: Jan. 12, 1995.
 
 Before: SCHROEDER, FLETCHER, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Juan Jose Loaiza entered a conditional plea of guilty to importation of heroin in violation of 21 U.S.C. Sec. 952(a). He reserved the right to appeal the district court's denial of his motion to suppress the fruits of a border search that was conducted upon his entry into the United States. Appellant claims that the district court erred in finding that "reasonable suspicion" existed to justify the customs inspectors' belief that Loaiza was carrying contraband and their decision to detain him for a pat-down and partial strip search at the Los Angeles International Airport. Loaiza argues that because the more intrusive detention was unjustified, his consent to an X-ray during that period, which led to the discovery of the presence of narcotics, was thereby rendered invalid. We conclude that reasonable suspicion supported the customs inspectors' detention and partial strip search of Loaiza and affirm the district court's denial of his motion to suppress.
 
 
 3
 In denying the motion to suppress, the district court relied on more than mere profile characteristics of the drug courier stereotype rejected in United States v. Rodriguez, 976 F.2d 592, 595 (9th Cir. 1992), amended, 997 F.2d 1306 (1993). The dissonance of appellant's stated occupation (house cleaner) and his given residence (Hilton Hotel), in addition to the improbable reason given for his trip (same story of appendix operation and abdominal scar that appellant had relied upon in an earlier entry), gave the customs inspectors reasonable suspicion to further detain Loaiza for a pat-down and strip search. See United States v. Montoya de Hernandez, 473 U.S. 531, 542 (1985) ("implausible story" for possession of $5,000 in cash supported inspectors' suspicion); United States v. Gonzalez-Rincon, 36 F.3d 859, 863 (9th Cir. 1994) ("inconsistent explanations for the purpose of her trip and an implausible description of her occupation" deemed factors supporting reasonable suspicion of drug smuggling sufficient to support a detention for monitored bowel movements).
 
 
 4
 We reject appellant's claim that customs inspectors must have concrete evidence such as smuggling paraphernalia to reasonably suspect that a traveler is smuggling narcotics in his alimentary canal. See Gonzalez-Rincon, 36 F.3d at 863 ("possession of certain paraphernalia or other indications of internal smuggling ... not necessary to support reasonable suspicion of alimentary smuggling").
 
 
 5
 The factors relied upon by the district court in its denial of Loaiza's suppression motion show that the customs inspectors had "a particularized and objective basis for suspecting [defendant] of alimentary canal smuggling." Thus, the decision to detain Loiza for more intrusive searches was supported by "reasonable suspicion" as defined by the Supreme Court in Montoya. See Montoya, 473 U.S. at 541-42 (quotations omitted). Loaiza's consent to the X-ray of his stomach, given during this strip search detention period, was thus valid.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3